824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Verda WILSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3007.
 United States Court of Appeals, Federal Circuit.
 June 4, 1987.
 
 Before DAVIS, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The Merit Systems Protection Board (MSPB or Board) sustained respondent's denial to petitioner of a survivor's annuity. We affirm.
 
 OPINION
 
 2
 Petitioner Verda Wilson sought from respondent Office of Personnel Management (OPM) a survivor's annuity based on the death of her husband, Isaiah Wilson, Jr., a former civil servant. She was denied such an annuity and appealed to the MSPB. As properly found by the MSPB, the facts are that petitioner's husband, after serving for many years in the civil service, resigned from his position on January 12, 1985 and on March 2, 1985 applied for and received a refund of his retirement contributions; nineteen days later he committed suicide. Petitioner, as his widow, then applied for a survivor's annuity on the ground that her husband's resignation was involuntary because he was then incompetent. The MSPB presiding official determined that Ms. Wilson had not shown that she was entitled to such an annuity and the full Board declined review.
 
 
 3
 We cannot overturn those decisions. When he died Isaiah Wilson was no longer a federal employee, having resigned from the civil service and obtained a refund of his retirement contributions. Those facts show prima facie that his widow was not entitled under the law to a survivor's annuity. Petitioner contends that her husband remained a federal employee because he was incompetent when he attempted to resign. The presiding official found to the contrary on the written record (petitioner did not ask for a hearing) and the documents to which petitioner now refers did not require the opposite determination. The doctors' letters indicate that Mr. Wilson had some problems but they by no means compel a finding that he was of unsound mind or incompetent. On this record, including Mr. Wilson's suicide in March 1985, the Board could reasonably find that petitioner had failed to prove her claim of her husband's incapacity at the time he resigned on January 12, 1985.